THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN D. SMITH and LYDIA A. SMITH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHASE HOME FINANCE, LLC and )<br>BARRETT, DAFFIN & FRAPPIER LLP )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.<br>1:11-cv-1661-TCB |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### I.     INTRODUCTION

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, ("Chase") moves to dismiss Plaintiffs' Complaint in its entirety. Plaintiffs have asserted numerous baseless, unsupported claims against Chase. Plaintiffs' Complaint, however, wholly fails to meet the requisite pleading standards of Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Moreover, none of Plaintiffs' claims are actionable as a matter of law, requiring dismissal for failure to state a claim upon which relief may be granted. As Plaintiffs' Complaint fails to assert

1

any cognizable claim for relief, it must be dismissed with prejudice in its entirety pursuant to Rule 12(b)(6).

## II.   PROCEDURAL AND FACTUAL HISTORY

On or about May 27, 2003 Plaintiffs entered into a mortgage loan transaction (the "Loan") with Chase Manhattan Mortgage Corporation ("Chase Manhattan").[1] (*See* Ex. A.)  In connection with the Loan, Plaintiff executed, in favor of HomeBanc, a promissory note ("Note") and a security deed ("Deed"), secured by real property located at 2469 Benson Ridge, Lithonia Georgia 30058 ("Property"). (*Id.*)  On December 14, 2004, Chase Manhattan merged into Chase Home Finance LLC.[2]  Thereafter, on December 7, 2010, upon Plaintiffs' default on the Loan, Chase foreclosed on the property.[3]

Plaintiffs filed the instant Verified Complaint to Set Aside Wrongful Foreclosure and to Quiet Title Pursuant to O.C.G.A. § 44-14-184 and O.C.G.A. § 23-3-40, Respectively ("Complaint") on April 6, 2011.  Plaintiffs' Complaint

---

[1] A certified copy of the Deed is attached hereto as Exhibit A.  The Court may take judicial notice of this document because it is a public record and is central to Plaintiffs' Complaint.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09cv676, 1:09cv962, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009).

[2] A true copy of the Certificate of Merger is attached hereto as Exhibit B.

[3] A certified copy of the Deed Under Power is attached hereto as Exhibit C.  The Court may take judicial notice of this document.  *See* note 1 *supra*.

alleges: (1) Chase purportedly lacked standing to foreclose on the Property; (2) Chase purportedly committed fraud; (3) Chase allegedly violated the Real Estate Settlement Practices Act ("RESPA") and (4) Chase allegedly wrongful foreclosed on the Property.

As set forth below, Plaintiffs' Complaint must be dismissed with prejudice in its entirety pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6) because Plaintiffs have failed to state any claim upon which relief may be granted.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.   Plaintiffs' Claims Fail To Meet The Requisite Pleading Standard And Must Be Dismissed**

*1. Rule 8 Pleading Standard*

As the United States Supreme Court recently held, for a complaint to survive a motion to dismiss pursuant to Rule 12(b)(6):

> ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, ***we "are not bound to accept as true a legal conclusion couched as a factual allegation***.")  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added; citations omitted).

While the Federal Rules adopt a flexible pleading policy, every complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  The Supreme Court has stated that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3.

Further, while the Court must construe the pleadings in the light most favorable to Plaintiffs, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." *Id.* at 555.  Moreover, even where a complaint contains some factual allegations, it may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) where the factual allegations are not enough to "raise a right to relief above the speculative level." *Id.*  A claim may proceed <u>only</u> where a plaintiff pleads "*factual content* [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (emphasis added).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Here, Plaintiffs' Complaint relies on vague statements and claims, but no factual allegations in support of the claims.  For example, Plaintiffs claim that

"upon information and belief, the Note was securitized and sold to an unknown purchaser in a mortgage-backed securities pool," but fails to allege any facts tending to show that the Note was securitized, or that securitization is in any way improper.  (Compl. ¶ 9.)  Plaintiffs further allege that Chase's purported actions constitute "oppression, fraud or malice," yet completely fail to support these conclusory allegations with facts of any kind.  (*Id.* ¶ 52.)

Further, Plaintiffs' Complaint reads like a legal treatise or brief, purportedly citing legal cases in an attempt to explain elements of proof.  Such legal citation and argument have no place in a complaint and fail to comport with the pleading standards of the Federal Rules.  *See Newton v. Gates*, 1:08-cv-2321-WSD, 2009 WL 541373, *1 n.5 (N.D. Ga. Mar. 4, 2009).  Plaintiffs' "naked assertion[s] devoid of further factual enhancement" are wholly insufficient to state a claim for relief under Rule 8.  *Iqbal,* 129 S. Ct. at 1949.

Even *pro se* plaintiffs are bound by the Federal Rules of Civil Procedure and must meet the Rule 8 pleading requirements.  *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding leniency afforded *pro se* litigants does not give courts license to serve as *de facto* counsel), *overruled on other grounds by Porter v. Duval County Sch. Bd.*, 10-11944, 2010 WL 5395641 (11th Cir. Dec. 30, 2010); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Accordingly, Chase requests that Plaintiffs' Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state any claim upon which relief may be granted.[4]

### 2. *Rule 9 Pleading Standard*

In addition to failing to meet the Rule 8 pleading standards, Plaintiffs have similarly failed to meet the pleading requirements of Rule 9(b). Rule 9(b) requires that fraud and mistake be pled with particularity. Fed. R. Civ. P. 9(b). To satisfy the pleading requirements of particularity under Rule 9(b), a complaint must allege: "1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person 'responsible for making (or, in the case of omissions, not making) same', and 3) the content of such statements and the manner in which they misled [defendants], and 4) what [plaintiff] obtained as a consequence of the fraud." *Am. Gen. Life & Acc. Ins. Co. v. Ward*, 530 F. Supp. 2d 1306, 1309-10 (N.D. Ga. 2008). In other words, allegations of the "precise misconduct with which [a defendant is] charged" are required to protect a defendant from "spurious charges of immoral and fraudulent behavior." *U.S. ex*

---

[4] Should the Court find dismissal on this ground is not warranted, Chase requests out of an abundance of caution and pursuant to Rule 12(e), that the Court require Plaintiffs to amend their pleadings with a more definite statement of the specific facts upon which each asserted claim rests.

*rel. Digiovanni v. St. Joseph's/Candler Health Sys., Inc.*, No. CV 404-190, 2008 WL 395012, at *2-3 (S.D. Ga. Feb. 8, 2008) (Moore, C.J.).  Dismissal is warranted where the plaintiff's complaint fails to comply with these requirements.  *See id.*

The burden imposed by Rule 9(b) is substantial.  Courts have held that even where an allegation of fraud is clear "from reading the Complaint as a whole" the claim may be dismissed if it does not "state with particularity the specific situation involved, i.e., who, what, when, where, and how."  *See Mathis v. Velsicol Chem. Corp.*, 786 F. Supp. 971, 976 (N.D. Ga. 1991).  Additionally, "mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated."  *Flynn v. Merrick*, 881 F. 2d 446, 449 (7th Cir. 1989) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)).  Instead, a complaint must plead the "who, what, when, where, how and why" of the purported fraud or the fraud claim will be dismissed.  *See Digiovanni*, 2008 WL 395012, at *3; *New Century Commc'ns Corp. v. Ellis*, 171 F. Supp. 2d 1374, 1379 (N.D. Ga. 2001).

Here, Plaintiffs have wholly failed to comply with the pleading requirements of Rule 9(b).  Plaintiffs make the blanket assertion that Chase's purported actions constitute "oppression, fraud or malice."  (*Id.* ¶ 52.)  Not only do Plaintiffs fail to

allege any facts in support of this allegation, Plaintiffs fail to assert who misled them; how they were misled; what Chase gained, or; how Plaintiffs were harmed by the alleged fraud.  This is wholly insufficient to meet the pleading requirements of Rule 9(b), and accordingly, Plaintiffs' fraud allegations must be dismissed.[5]

## B. Plaintiffs' Claim That Chase Lacked Standing to Foreclose Fails As a Matter of Law

### 1. Plaintiffs Are Not Entitled to Production of the Original Loan Documents

Plaintiffs' Complaint relies on the allegation that Chase lacks standing to foreclose on the property because Plaintiffs do not know "who presently owns and holds the actual genuine 'wet ink' original promissory note."  (Compl. ¶ 18.) Georgia, however, is a nonjudicial foreclosure state and does not require the original note to be produced prior to or as a predicate to foreclosure.  *See, e.g.,*

---

[5] Furthermore, Plaintiffs have not and cannot allege the elements required for a fraud claim.  *See, e.g., Ali v. Fleet Fin., Inc. of Ga.*, 500 S.E.2d 914, 915 (Ga. App. 1998) (affirming summary judgment on fraud claim because party had no duty to disclose).  *McWhorter v. Ford Consumer Fin. Co.*, 33 F. Supp. 2d 1059, 1072 (N.D. Ga. 1997); *Bogle v. Bragg*, 548 S.E.2d 396, 401 (Ga. App. 2001) (finding nondisclosure actionable as fraud only where party had duty to disclose). In Georgia, there is no fiduciary duty between creditor and debtor; rather a mortgage transaction is an arm's length transaction between parties with clearly opposite interests.  *Dollar v. NationsBank of Ga., N.A.,* 534 S.E.2d 851, 853 (Ga. App. 2000); *Saffar v. Chrysler First Bus. Credit Corp.,* 450 S.E.2d 267, 270 (Ga. App. 1994); *Pardue v. Bankers First Fed. Savs. & Loan Ass'n*, 334 S.E.2d 926, 927 (Ga. App. 1985).

O.C.G.A. §§ 9-13-140, *et seq.*, §§ 9-13-160, *et seq.*, §§ 44-14-160, *et seq.*, § 23-2-114. Indeed, Georgia courts have repeatedly and uniformly rejected complaints of an alleged failure to produce the original note. *See, e.g., Hill v. Saxon Mortgage Servs., Inc.*, 1:09-CV-1078, 2009 WL 2386057, *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note); *see also Shockley v. EMC Mortgage Corp.*, No. 4:11-cv-00084-HLM, DE 12 at 24-26 (N.D. Ga. April 19, 2011). Accordingly, Chase is not required to produce documentation to Plaintiffs proving its security interest in the property, and Plaintiffs' claims based on the premise that Chase has not produced the original loan documents fails as a matter of law.[6]

### 2. *Plaintiff's "Securitization" Claim Fails as A Matter of Law*

Plaintiffs allege that the Note and the Deed have been separated, or "securitized." (Compl. ¶¶ 9-12.) While Chase does not admit that this action has occurred, the Supreme Court of Georgia has recognized that severance of notes and security deeds is common – notes and security deeds securing residential

---

[6] Plaintiff's reference to Articles 8 and 9 of the Uniform Commercial Code are immaterial. Articles 8 and 9 of the UCC do not apply to the residential mortgage at issue in this case. *Martin v. Citimortgage*, No. 1:10-cv-00656-TWT, 2010 WL 3418320, *8 & n.12 (N.D. Ga. Aug. 3, 2010), adopted by 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010); *Oliver v. Lib Props., Ltd.*, No. 1:10-cv-539-TWT, 2010 WL 2867932, *8 (N.D. Ga. June 21, 2010), adopted by 2010 WL 2867925 (N.D. Ga. July 20, 2010); O.C.G.A. §§ 11-8-301, 11-9-109(d)(11).

mortgages are often executed in favor of different parties, and are often subsequently assigned to investors. *See Taylor, Bean & Whitaker Mortgage Corp. v. Brown*, 583 S.E.2d 844, 845–46 & n.1 (Ga. 2003); *see also LaCosta*, 2011 WL 166902 at *5-6 (finding Georgia law does not preclude holder of security deed from proceeding with foreclosure sale if it does not also hold note); *Brown v. Federal Nat'l Mortgage Ass'n*, No. 1:10-cv-03289-TWT, 2011 WL 1134716, *6 (N.D. Ga. Feb. 28, 2011) (finding "split the note" argument fails to support wrongful foreclosure claim).[7]

Additionally, if the Note and Deed were to be separated, the Deed clearly states that it may be transferred and/or assigned without notice to or consent from Plaintiffs. (*See* Ex. A. ¶ 20.) Plaintiffs' allegation that it was not "disclosed or noticed to the Plaintiff that the Note would be securitized and sold" is of no consequence. (Compl. ¶ 10.) Even if the Note and Deed were "separated," it would in no way impact Chase's standing to foreclose on the Property upon Plaintiffs' default. Accordingly, Plaintiff's "split the note" argument is not actionable as a matter of law.

---

[7] In any event, there has been no separation of the instant Note and Deed. Accordingly, even assuming Georgia law recognized a cause of action for "splitting" the note and deed, such would not apply in the instant situation.

10

### 3.     *Plaintiffs Are Not Entitled to Notice of Merger*

Plaintiffs allege that because there has been "no corporate assignment of the existing Security Deed to Defendant [Chase]" that Chase "has foreclosed on Plaintiffs with neither an interest in the Note nor a perfected interest in the Security Deed." (Compl. ¶ 16.)  This allegation is misguided.  Under Georgia law, when banking entities merge, no assignment need be recorded in the real property records.  *See* O.C.G.A. § 7-1-536(c).  The clear purpose of this statutory provision was to eliminate the necessity of a formal transfer or assignment of the property of the constituent bank to the consolidated bank.  *McCullough v. Ga. R. Bank &c. Co.,* 144 Ga. App. 698, 701 (1978), reversed on other grounds, 241 Ga. 456 (1978).  "The original party to the [debt] remains an integral part of the merged banks. It does not lose its existence in the merger, although it loses its identity." *Id.* at 458; *see also State Bank & Trust Co. v. Newby*, 170 Ga. App. 865, 865 (1984) (holding banking entity need not record transfer of interest by merger, merely had to show original creditor bank no longer existed because it had merged into its successor).[8]

---

[8] The same is true under Delaware law, as Chase Home Finance LLC is a Delaware limited liability company.  *See, e.g.*, 8 Del. C. § 259; *Heit v. Tenneco, Inc.*, 319 F. Supp. 884, 887 (D. Del. 1970) (finding upon merger, rights of former entity "pass by operation of law" to surviving entity).

11

As evidenced by Exhibit B hereto, on December 14, 2004, Chase Manhattan merged into Chase Home Finance LLC. An assignment of record is not required, as the Certificate of Merger serves as "conclusive evidence of the performance of all conditions precedent to the merger, share exchange, or consolidation and of the existence or creation of the bank or trust institution." O.C.G.A. § 7-1-536(b); *see also* 8 Del. C. § 259. Accordingly, Plaintiffs' argument that Chase lacked standing to foreclose on the Property because "there has been no corporate assignment of the existing Security Deed to [Chase Home Finance LLC]" necessarily fails and Plaintiffs' claim should be dismissed for failure to state a claim upon which relief may be granted. (Compl. ¶ 16.)

### C.  Plaintiffs' RESPA Claim Fails as A Matter of Law

Plaintiffs allege that Chase "did not properly notify Plaintiff as borrower of the transfer of servicing rights as required by 12 U.S.C. § 2605." (Compl. ¶ 33.) This claim, however, wholly fails and Plaintiffs are unable to maintain a claim under RESPA. The transfer at issue occurred when Chase Manhattan was merged with and into Chase Home Finance LLC in 2005. Section 3500.21(d)(1)(i) of the Code of Federal Regulations, controlling RESPA, specifically states:

> **The following transfers are not considered an assignment, sale, or transfer** of mortgage loan servicing for purposes of this requirement if there is no

> change in the payee, address to which payment must be delivered, account number, or amount of payment due:
> (A) Transfers between affiliates;
> (B) Transfers resulting from mergers or acquisitions of servicers or subservicers; and
> (C) Transfers between master servicers, where the subservicer remains the same.

24 C.F.R. § 3500.21 (emphasis added).

Accordingly, the merger of Chase Manhattan with and into Chase Home Finance LLC did not require any notification to Plaintiffs under RESPA. Therefore, Chase did not commit any RESPA violation, and Plaintiffs RESPA claim fails as a matter of law.

### D.     Plaintiffs' Wrongful Foreclosure Claim Fails As A Matter of Law

Plaintiff's wrongful foreclosure claim rests on the allegation that Chase lacked an interest in the property at the time of foreclosure, and therefore the foreclosure by Chase was wrongful. (Compl. ¶¶ 31, 37-39.) As shown previously, however, Plaintiff's "lack of standing" claim fails as a matter of law. Accordingly, this "lack of standing" claim cannot support a claim for wrongful foreclosure. Therefore, such claim must be dismissed.

Moreover, "'Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it

13

sustained, and damages.'" *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 448 (2008) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)).  A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure a debt under O.C.G.A. § 23-2-114.  *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285 (1994).  Thus, there is a breach of duty if the foreclosing party violates provisions of the loan instruments and/or Georgia law.  *See Heritage Creek Dev. Corp.*, 268 Ga. App. at 374; *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2000) (noting violation of Georgia foreclosure statute is necessary to state claim for wrongful foreclosure).

    In the instant action, as shown in Section III B *supra,* Chase was the party with full authority to foreclose on the Property upon default by Plaintiffs.  Because Chase was acting with the authority granted by the loan instruments when it foreclosed on the Property, it has not violated the provisions of the loan instrument, and has fairly executed the power of sale pursuant to O.C.G.A. § 23-2-114.

    Nor did Chase violate Georgia law.  Plaintiffs contention that the "Notice of Foreclosure Sale" provided by Chase on November 4, 2010 (Compl. ¶ 20) fails to meet the requirements of O.C.G.A. § 44-14-162.2 is premised on Plaintiffs' incorrect belief that Chase cannot foreclose in the absence of a recorded assignment.  As demonstrated herein, Chase need not record an assignment

because it succeeded to Chase Manhattan, the original lender, by operation of law. Thus, Chase had an interest in the property at the time of foreclosure. Accordingly, the November 4, 2010 "Notice of Foreclosure Sale," sent thirty – three (33) days prior to the foreclosure sale of the Property – fully satisfied the requirements of O.C.G.A. § 44-14-162.2.

Chase complied with the terms of the loan instrument, as well with Georgia law, when the Property was foreclosed upon. Accordingly, any claim that Chase wrongfully foreclosed on the Property fails. Accordingly, Plaintiffs' wrongful foreclosure claim must be dismissed with prejudice for failure to state a claim upon which relief may be granted.[9]

### IV.   CONCLUSION

Dismissal of a *pro se* Plaintiffs' Complaint <u>with prejudice</u> is appropriate if there exists no set of facts upon which a valid claim could be asserted. *Jemison v. Mitchell,* No. 09-15635, 2010 WL 2130624 at *2 (11th Cir. May 27, 2010). This is clearly the case here. Accordingly, for this reason, in addition to all of the reasons

---

[9] Plaintiffs additionally allege that their "credit ratings have been severely slandered and damaged by Defendants' reporting the Wrongful Foreclosure to the three major credit reporting bureaus." (Compl. ¶ 45.) Because the foreclosure on the Property was lawful, any report of to a credit reporting agency was accurate and not actionable under state or federal law, including the Fair Credit Reporting Act.

15

contained in this Motion, Chase respectfully requests that Plaintiffs' Complaint be dismissed with prejudice in its entirety

Respectfully submitted this 2nd day of June, 2011.

        WARGO & FRENCH LLP

        <u>/s/ Shanon J. McGinnis</u>
        SHANON J. MCGINNIS
        Georgia Bar No. 387598
        smcginnis@wargofrench.com
        LINDSAY A. WARREN
        Georgia Bar No. 164735
        lwarren@wargofrench.com

        1170 Peachtree Street, N.E.
        Suite 2020
        Atlanta, Georgia 30309
        (404) 853-1500
        (404) 853-1501 (facsimile)

        *Counsel for Defendant*
        *JPMorgan Chase Bank, N.A.*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 2nd day of June, 2011.

/s/ Shanon J. McGinnis
SHANON J. MCGINNIS

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed electronically via CM/ECF a true copy of the foregoing **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** in the United States District Court for the Northern District of Georgia, with notice of same being sent by U.S. Mail, postage pre-paid, addressed to the following:

> John D. and Lydia A. Smith, *pro se*
> 2469 Benson Ridge
> Lithonia, Georgia 30058

This 2nd day of June, 2011.

> /s/ Shanon J. McGinnis
> SHANON J. MCGINNIS